Harold W. Menges, Petitioner *v.* Workmen's Compensation Appeal Board (Carnation Company), Respondents.

Submitted on briefs November 12, 1985, to Judges ROGERS and BARRY, and Senior Judge BLATT, sitting as a panel of three.

*Morrison B. Williams, Rudisill, Guthrie, Williams & Nonemaker,* for petitioner.

*Edward E. Knauss, Metzger, Wickersham, Knauss & Erb,* for respondent, Carnation Company.

OPINION BY JUDGE ROGERS, December 10, 1985:

Harold W. Menges (claimant) has filed a petition for review of an order of the Workmen's Compensation Appeal Board (board) affirming a referee's order that the claimant's workmen's compensation for a work-related disability should be reduced by 50%.

The claimant sustained a compound fracture and dislocation of the left ankle, and a deep laceration of the left upper shin bone while working for the Carnation Company (employer). He underwent two operations on his ankle. The claimant wears a leg brace, is 100% disabled and was granted compensation for temporary total disability at the rate of $213.00 per week. Dr. John T. Danyo, the claimant's treating physician, has recommended that the claimant undergo further surgery which the doctor believes will reduce his pain and improve the condition of his foot. The claimant has refused this surgery.

The employer filed a petition to terminate or modify the claimant's benefits pursuant to Section 306(f) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 15, 1915, P.L. 736, *as amended,* 77 P.S. §531(4), which provides in pertinent part:

If the employee shall refuse reasonable services of duly licensed practitioners of the healing arts, surgical, medical and hospital services, treatment, medicines and supplies, he shall forfeit all rights to compensation for any injury or any increase in his incapacity shown to have resulted from such refusal.

Hearings were held before Referee Edward J. Dumm who concluded that as a matter of law the employer did not meet the burden of proof necessary to terminate or modify compensation for claimant's refusing medical treatment as described in 306(f) of the Act; and ordered the employer to continue payment of compensation to the claimant at a rate of $213.00 per week.

The employer appealed Referee Dumm's decision and order to the board which remanded the case to Referee Harold W. Budding because the record had been closed prematurely. Referee Budding found that:

4. Dr. Danyo, an orthopedic surgeon and Claimant's physician recommended in March 1980 that Claimant should undergo another operation of the ankle to relieve Claimant of the pain and restore function to the extremity so that his disability would be reduced from 100% to 50% disability.

5. Claimant would be able to return to work after 5 months of recuperation from this operation which would fuse two bones in the ankle and prevent the increase of deformity that is taking place inexorably in Claimant's left extremity.

6. Dr. Brimfield, an orthopedic osteopathic surgeon, examined Claimant for a second opinion. Dr. Brimfield, agreed with Dr. Danyo that the proposed operation should be performed to increase the usability of the foot. If not performed, Dr. Brimfield agreed that Claimant's left ankle would increase deformity.

7. The surgical procedure has about an 80%-85% chance of success of the bones fusing which it is agreed by both Doctors is about a normal success rate.

. . . .

10. If the operation were performed Claimant would become employable in some form of gainful occupation. He would be able to do work that would require him to stand periodically during the day and could lift 25 to 30 pounds occasionally during the day.

11. Claimant gives as a reason for not having the recommended surgery that some people have told him that it would not help though Dr. Danyo and Dr. Brimfield agree that Claimant could be returned to the labor market.

Referee Budding concluded that the "[c]laimant [having] refused reasonable services of a duly licensed practitioner of the healing arts and surgical services which would correct his now total disability by 50% . . . must forfeit his right to 50% of the compensation now being paid to him pursuant to Section 306(f) of the Workmen's Compensation Act, 77 P.S. §531(4)." As noted, the board affirmed this decision.

At the referees' hearings, the employer produced Dr. Danyo, whose testimony is described above. The claimant produced Dr. Charles H. Brimfield who testified that he concurred with Dr. Danyo's recommended surgery if the claimant desires to try to improve his foot and ankle, that the claimant was not an ideal candidate for surgery because of his obesity, that the risks to the claimant are infection, thrombophlebitis, and pulmonary embolism, that despite the risks "[he] was not saying that the procedure could not be performed following adequate medical evaluation and preparation and post operative management . . . ," and that 80% of these procedures are successful. The claimant testified that he did not want to undergo surgery because "[S]ome people told [him] it wouldn't help any" and that he feared the operation because his leg periodically opens up.

The claimant contends that the decision to reduce his benefits was in error because his refusal of the operation was reasonable and because the refusal of medical treatment which would reduce disability does not require a reduction of benefits under Section 306 (f) of the Act.

A review of the record shows that there was substantial evidence to support the referee's findings which were the basis of his conclusion that the claimant refused reasonable services. Two doctors testified that the claimant's foot was getting progressively

400

worse and that there is an 80% to 85% chance that the operation would be successful. Dr. Danyo testified that the claimant's disability would be reduced by 50%.

The claimant also argues that "Section 306(f) [of the Act] requires forfeiture only where refusal of tendered treatment results in new injury or increased disability." Case law interpreting Section 306(f) of the Act does not support this argument. In *Byrd v. Workmen's Compensation Appeal Board*, 81 Pa. Commonwealth Ct. 325, 473 A.2d 723 (1984), we stated that: "[C]ommon sense makes it clear that any Claimant who refuses medical treatment which would have alleviated all or a portion of his disability condition has effectively increased his disability by a percentage corresponding to the degree of relief the medical evidence establishes he would have received."

For the foregoing reasons the order of the Workmen's Compensation Appeal Board is affirmed.

ORDER

AND Now, this 10th day of December, 1985, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is affirmed.